

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 1 2 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| VERONICA C. (CLAIRE) BORITZ, Individually and as Administratrix of the Estate of William J. (Jay) Boritz, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. **1:12-CV-1244-TCB** |

### COMPLAINT

COMES NOW, Plaintiff, Veronica C. (Claire) Boritz, Individually as the surviving spouse of William J. (Jay) Boritz, Deceased, and as The Administratrix of the Estate of William J. (Jay) Boritz, Deceased, and for her Complaint shows the Court the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff, Veronica C. (Claire) Boritz is the surviving widow and heir at law of William J. (Jay) Boritz, Deceased, and the Administratrix of the William J. (Jay) Boritz, Deceased, and brings this action in such capacities.

2.

As to Defendant, United States of America, this is an action brought pursuant to the Federal Tort Claims Act, regarding medical care rendered at a Veterans Affairs Hospital operated by the Department of Veterans Affairs. Plaintiff's claims were timely

and properly presented to the Department of Veterans Affairs by way of a completed SF95, and attachments. A copy of such SF95 is attached hereto as Exhibit "A".

3.

Defendant, through the Department of Veterans Affairs, has denied the claims set forth in the SF95 and herein, a copy of which denial is attached hereto as Exhibit "B".

4.

The claims set forth herein are timely asserted.

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b) (Federal Tort Claims Act), 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.

Venue is proper in the Atlanta Division pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.

William J. (Jay) Boritz was a Veteran of the United States Armed Services.

8.

As a veteran, Mr. Boritz, when receiving care and treatment at Veterans Affairs medical facility, was entitled to receive such care and treatment in a non-negligent manner. Mr. Boritz received his care and treatment at the Veterans Affairs Hospital facility on Clairmont Road in Decatur, Georgia, which is where the care at issue herein was rendered. Such care was rendered by agents/employees of Defendant for whose acts

and/or omissions Defendant is liable. Such facility is hereinafter referred to as the "VA Hospital".

9.

Mr. Boritz was an inpatient at the VA Hospital from April 14, 2010 through April 16, 2010, during which admission a cardiac ablation procedure was negligently performed by hospital staff physicians, resulting in damage to Mr. Boritz's heart and overall health.

10.

Additional care rendered to Ms. Boritz during such admission by hospital staff physicians was also negligent and further compromised Mr. Boritz's health.

11.

Upon discharge on April 16, 2010 Mr. Boritz continued under the care of the hospital staff, and his health continued to decline.

12.

Mr. Boritz was readmitted to the VA Hospital on May 10, 2010.

13.

At such time, Ms. Boritz was suffering recurrent hemopericardium, which diagnosis, due to the negligence of the Hospital staff, was not timely made.

14.

Mr. Boritz was again admitted to the VA Hospital on May 16, 2010, through the Emergency Room.

15.

During this admission, due to the negligence of the ER staff physicians and hospital staff physicians, Mr. Boritz was not timely evaluated and treatment of his hemopericardium was not timely treated, the proximate result of which was the death of William J. (Jay) Boritz, on May 17, 2010.

## FEDERAL TORT CLAIMS ACT AGAINST THE UNITED STATES OF AMERICA

### COUNT I

### PAIN AND SUFFERING CLAIM

16.

As a result of the negligent care rendered to Mr. Boritz by the staff of the VA Hospital, Mr. Boritz suffered physical, emotional and psychological pain and suffering prior to his death, on account of which Defendant is liable for damages to Plaintiff in her capacity as the Administratrix of the Estate of William J. (Jay) Boritz, deceased.

### COUNT II

### WRONGFUL DEATH

17.

As a result of the negligent care rendered to Mr. Boritz by the staff of the VA Hospital, Mr. Boritz died, on account of which Defendant is liable to Plaintiff for the full value of the life of William J. (Jay) Boritz, deceased, in her capacity as the surviving widow and heir at law of William J. (Jay) Boritz, deceased.

WHEREFORE, Plaintiff, Individually and as Administratrix of the Estate of William J. (Jay) Boritz, prays as follows:

      a)      That judgment be entered against Defendant in an amount sufficient to compensate for the special and general damages, including pain and suffering, occurred as the result of Mr. Boritz's injuries and negligent medical care, prior to his death;

      b)      That judgment be entered against Defendant for the full value of Mr. Boritz's life;

      c)      That the costs of this action be taxed against Defendant;

      d)      That Plaintiff have trial on appropriate issues by fair and impartial jurors; and

      e)      That Plaintiff have such other and further relief as the Court and jury deem appropriate under the circumstances.

                                                        CURTIS A. THURSTON, JR.
                                                        State Bar No. 711675
                                                        Attorney for Plaintiff

THURSTON LAW OFFICES
Hastings Seed Building
434 Marietta Street – Suite 402
Atlanta, Georgia   30313
404/523-6960